OSBORN BARNETT v. THE STATE.

No. 9380.    Delivered June 24, 1925.

**Transporting Intoxicating Liquor—Evidence—Properly Admitted.**

Where on a trial for transporting intoxicating liquor, the defense being that the liquor was being transported by appellant for medicinal purposes, there was no error in permiting the state to prove that the sheriff found mash and a still on appellant's premises and by appellant on cross-examination that the "implements" were left by him where found. Such testimony was legitimate rebuttal of the defensive issue.

Appeal from the District Court of Jasper County. Tried below before the Hon. V. H. Stark, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, three years in the penitentiary.

The opinion states the case.

*G. E. Richardson,* for appellant.

*Tom Garrard,* State's Attorney, and *Grover C. Morris,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was tried and convicted in the district court of Jasper County for unlawfully transporting intoxicating liquor and his punishment assessed at three years in the penitentiary.

The undisputed facts in this case show that the sheriff found in appellant's car six quarts and one pint of whiskey while upon the public road, and that upon a search of the premises of the appellant, there was found about a gallon of whiskey and equipment for manufacturing same. The facts in this case relative to the whiskey in question are undisputed by the appellant but his defense was that he had same for medicinal purposes.

There are two bills of exception in the record alleging errors committed by the trial court. The first bill complains at the action of the court in permitting the State to have the Sheriff Bishop testify "I found a gallon of whiskey in his smokehouse and a mash barrel— a barrel that had mash in it—and a fifty gallon oil drum that was in the smokehouse"; and in bill No. 2, it is complained at the action of the court in permitting the State on cross-examination of the defendant to have him testify that he left about a gallon of whiskey in his smokehouse: "I left the implements I made that stimulate with, I say I left it there with the stuff I made, etc." The objection to said testimony was because it was prejudicial and was testifying to another and different offense which was self-incriminative. The issue in the case upon the part of the State being that the appellant was transporting the whiskey in violation of the law and upon the part of the defendant that it was for medicinal purposes: we think this evidence was admissible on behalf of the State's contention as a circumstance going to show the intent of the appellant and as tending to contradict his theory that he was only transporting the whiskey for medicinal purposes, and believe the court committed no error in admitting same. The issues in the case were for the jury and same were properly submitted by the court under appropriate instructions which the jury decided against the contention of the appellant in this case, and which finding of the jury is binding on this court.

After a careful examination of the record, we are of the opinion that the record fails to disclose any error in the trial of this cause and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.